UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTSTATE MICHIGAN TROWEL
TRADES HEALTH & WELFARE FUND, Trustees of;
OUTSTATE MICHIGAN TROWEL TRADES
PENSION FUND, Trustees of; and OPERATIVE
PLASTERERS AND CEMENT MASONS
INTERNATIONAL ASSOCIATION JOINT
APPRENTICESHIP AND TRAINING FUND,
Trustees of,

    Plaintiffs,

             Case No.

v.

             Hon.

LACARIA CONSTRUCTION INC. and
LACARIA CONCRETE CONSTRUCTION INC.,

    Defendants.
_____/
SACHS WALDMAN, PROFESSIONAL CORPORATION
GEORGE H. KRUSZEWSKI (P25857)
HOPE L. CALATI (P54426)
AMY BACHELDER (P26401)
Attorneys for Plaintiffs
1000 Farmer Street
Detroit, Michigan 48226
(313) 965-3464
_____/

## **COMPLAINT**

    The above-named plaintiffs, by SACHS WALDMAN, PROFESSIONAL CORPORATION, their attorneys, complaining against the above-named defendants, respectfully show unto this Court as follows:

    1.  Plaintiffs are the Trustees of the Outstate Michigan Trowel Trades Health & Welfare Fund, the Trustees of the Outstate Michigan Trowel Trades Pension Fund and the Trustees of the

Operative Plasterers and Cement Masons International Association Joint Apprenticeship and Training Fund (collectively, "Funds"), which are trust funds established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 USC §186, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC §1001, *et seq.*, with principal offices located in the City of Lansing, County of Ingham, State of Michigan.

      2.      Defendants Lacaria Construction Inc. and Lacaria Concrete Construction Inc. are domestic Michigan corporations, doing business in the building construction industry, an industry affecting commerce within the meaning of LMRA, and have their principal place of business within this judicial district.

      3.      The defendants are, and at all times material herein have been, affiliated business enterprises with common ownership, common management, common equipment and other assets, and common employees, and thus constitute a single integrated business enterprise, single employer, or alter ego, each defendant being merely another face of the other, and none of the defendants having any life of their own. (The defendants collectively are hereinafter referred to as "the employer" or "the defendant").

      4.      Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 U.S.C. §185, and Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§1132(g)(2) and 1145, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements entered into (or adopted) between the defendant, as employer, and the Operative Plasterers' and Cement Masons' International Association, AFL-CIO ("Union"), a labor organization representing employees in an industry affecting commerce.

5. Pursuant to the aforementioned collective bargaining agreements, a copy of which is in its possession, the defendant was obligated to file reports and pay contributions weekly for (among other things) pension benefits, vacation benefits, medical benefits and supplemental unemployment benefits for, or with respect to work performed by, those of its employees who were represented by the Union, which reports should have been filed with, and the contributions directly paid to, the plaintiffs.

6. Defendant is and has been bound by the applicable trust agreements incorporated by reference in the agreements.

7. Defendant has failed and refused to comply with the aforesaid agreements, including by failing to pay to the trustees of the aforementioned funds the sums required by the collective bargaining agreements and the trust agreements (including contractual late payment charges, audit fees, and/or liquidated damages), thereby breaching the collective bargaining agreements and the trust agreements.

8. Defendant's indebtedness cannot be determined until an audit of its books and records has been performed.

WHEREFORE plaintiffs pray that this Court enter Judgment:

A. Adjudicating that the defendants are alter egos and are contractually obligated to plaintiffs pursuant to the collective bargaining agreement entered into with the Union;

B. Directing defendants to submit to plaintiffs, for inspection and audit, any and all books and records needed by plaintiffs to determine the amount of their indebtedness;

C. Upon submission of a motion, amending the Judgment to reflect the amounts owed as determined by said audit;

D.	Awarding plaintiffs all costs, interest, and attorneys' fees incurred in bringing and prosecuting this present action; and

E.	Granting plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

        Respectfully submitted,

        SACHS WALDMAN,
        PROFESSIONAL CORPORATION

        BY:	s/ Hope L. Calati
        HOPE L. CALATI (P54426)
        1000 Farmer Street
        Detroit, MI 48226
        (313) 965-3464

Date: July 23, 2010        hcalati@sachswaldman.com